UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

                                 Case No. 24-cv-1061-pp

  v.

APPROXIMATELY $14,709 US CURRENCY
and APPROXIMATELY $5,000 US CURRENCY,

          Defendants.

**ORDER DENYING POTENTIAL CLAIMANT QUENTENE WILLIAMS'S
MOTION TO VERIFY CLAIM (DKT. NO. 9) AND GRANTING IN PART AND
DENYING IN PART GOVERNMENT'S MOTION TO STRIKE PURPORTED
CLAIM AND FOR DEFAULT JUDGMENT (DKT. NO. 12)**

On August 22, 2024, the government filed a verified complaint for civil

forfeiture *in rem* against approximately $14,709 in United States currency and

approximately $5,000 in United States currency. Dkt. No. 1. The government

posted notice on the official government website and served notice on potential

claimants Quentene Williams and Tiarra Smith. Dkt. Nos. 4, 5. After the time

for filing a verified claim or answer had passed, the government filed a letter

stating that it would give the potential claimants an additional twenty-one days

to file a verified claim before moving for default judgment. Dkt. No. 8.

On October 21, 2024, Quentene Williams filed a "motion to verify claim."

Dkt. No. 9. The government responded by letter, asserting that Williams's

motion was not sufficient to constitute a verified claim under Supplemental

Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and

Asset Forfeiture Actions. Dkt. No. 10. The government offered Williams an extension of time—to November 13, 2024—by which to file a proper claim. Id. at 2. When Williams filed nothing further, the government filed a combined motion to strike the purported claim and motion for default judgment. Dkt. No. 12.

## I.    Motion to Verify Claim & Motion to Strike Purported Claim (Dkt. Nos. 9, 12)

Williams's motion states that he will "show and verify" that the $14,709 in United States currency was legally obtained. Dkt. No. 9 at 1. He states that he worked for Clay Cooley Chevrolet in Fort Worth, Texas for three years and for Vampire Towing in Milwaukee, Wisconsin for a year and a half. Id. at ¶2. He states that the currency at issue was obtained from working those jobs and "saving his money." Id. at ¶1.

The government states in its motion to strike that Williams's filing is insufficient to establish a claim. Dkt. No. 12 at ¶8. It asserts that the motion does not meet the statutory requirements for a valid claim because it does not identify the specific property claimed and is not signed under penalty of perjury. Id. The government explains that it advised Williams of the requirements for making a valid claim multiple times—in the initial notice of the complaint and in the subsequent letters it has filed with the court and served on Williams. Id. at ¶¶5, 7, 9.

Supplemental Rule G(5)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions states that a valid claim must

(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney.

"It is true that Rule G requires a claimant to comply with certain procedural requirements." United States v. Funds in the Amount of $239,400, 795 F.3d 639, 643 (7th Cir. 2015) (citing United States v. Real Prop. Located at 17 Coon Creek Rd., Hawkins Bar, Cal., 787 F.3d 968, 973–74 (9th Cir. 2015)). "Many courts have referred to these procedural requirements as 'statutory standing and have held that it is established through compliance with Rule G.'" Id. (quoting 17 Coon Creek Rd., 787 F.3d at 973–74 (internal quotation marks omitted)).

The court disagrees with the government that Williams's motion does not identify the specific property claimed; the claim specifically refers to "said $14,709.00 in United States currency" as the subject of Williams's purported claims. But Williams's motion does *not* comply with Rule G's requirement that it be signed under penalty of perjury. The government notified Williams of this deficiency and gave him an additional twenty-one days to file a proper claim. He did not do so. Williams has not filed a verified claim.

The court will deny Williams's motion to verify claim and will grant the government's motion to strike the purported claim. Dkt. No. 12.

## II. Motion for Default Judgment (Dkt. No. 12)

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek the clerk's entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). After entry

3

of default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). Here, the government filed a combined motion to strike and motion for default judgment without first moving for entry of default. The court will deny without prejudice the portion of the government's motion seeking default judgment because the government has not yet asked the clerk to enter default (and the clerk has not done so). Should the government wish to refile its motion for default judgment, it first must ask the clerk to enter default and *then* move for default judgment.

## III. Conclusion

The court **DENIES** Quentene Williams's motion to verify claim. Dkt. No. 9.

The court **GRANTS** the government's motion to strike the purported claim and **DENIES WITHOUT PREJUDICE** its motion for default judgment. Dkt. No. 12.

The court **ORDERS** that by the end of the day on **February 28, 2025**, the government must file either a request for entry of default and a renewed default judgment motion or a report updating the court as to the status of the case and the government's proposed next steps.

Dated in Milwaukee, Wisconsin this 5th day of February, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4