UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                   Case No. 24-cv-1061-pp

APPROXIMATELY $14,709 US CURRENCY
and APPROXIMATELY $5,000 US CURRENCY,

        Defendants.

**ORDER GRANTING GOVERNMENT'S RENEWED MOTION FOR DEFAULT JUDGMENT (DKT. NO. 15) AND DISMISSING CASE**

On August 22, 2024, the government filed a verified complaint for civil forfeiture *in rem* against approximately $14,709 in United States currency and approximately $5,000 in United States currency. Dkt. No. 1. On February 6, 2025, the government asked the clerk to enter default, dkt. no. 14, and filed a renewed motion for default judgment, dkt. no. 15. The clerk entered default the same day. The court will grant the government's motion.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

1

The plaintiff states that approximately $14,709 in United States currency was seized from Quentene Williams and Tiarra Smith at 3XXX North 39th Street, Upper, Milwaukee, Wisconsin on September 29, 2023. Dkt. No. 1 at ¶2. The second defendant property—approximately $5,000 in United States currency—was seized from Quentene Williams and Tiarra Smith at 7XXX West Wabash Court, #X, Milwaukee, Wisconsin on March 14, 2024. Id. at ¶3. The plaintiff alleges that the money is subject to forfeiture to the United States under 21 U.S.C. §881(a)(6) "because it was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. §841(a)(1)." Id. at ¶¶8–9.

The approximately $14,709 in United States currency was seized with Schedule I controlled substances during the execution of a search warrant at the residence of Williams and Smith on North 39th Street. Id. at ¶22. The approximately $5,000 in United States currency was also seized along with Schedule I controlled substances during the execution of a search warrant at the residence of Williams and Smith on West Wabash Court. Id. at ¶31. The DEA began administrative forfeiture proceedings against the defendant properties. Id. at ¶42. On May 27, 2024, Smith filed a claim in the administrative forfeiture proceeding to the approximately $5,000; on June 28, 2024, Williams filed a claim on the approximately $14,709. Id. at ¶¶43–44.

The plaintiff posted notice of the complaint on the official government internet site for at least thirty consecutive days beginning on August 23, 2024,

as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Dkt. No. 15 at ¶3. The plaintiff also filed a notice of the complaint for civil forfeiture of property and served it, along with a copy of the verified complaint, on potential claimants Williams, dkt. no. 4, and Smith, dkt. no. 5. The thirty-five-day deadline for the potential claimants to file a claim expired on September 26, 2024. Dkt. No. 15 at ¶6.

On October 21, 2024, Williams filed a motion to verify claim. Dkt. No. 9. The government moved to strike the purported claim, arguing that the motion did not meet the statutory requirements for a valid claim. Dkt. No. 12 at ¶8. The court granted the motion to strike. Dkt. No. 13 at 3. No other claims to the defendant properties were timely filed. The clerk properly entered default.

## II. Plaintiff's Renewed Motion for Default Judgment

After the entry of default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to

conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The plaintiff has established that the property was subject to forfeiture under 21 U.S.C. §881(a)(6) because it related to violations of 21 U.S.C. §841(a)(1). The complaint explains that the defendant properties were seized in September 2023 and March 2024 during the execution of search warrants at the residences of Williams and Smith. Dkt. No. 1 at ¶¶ 22, 31. Law enforcement found approximately 11.63 grams of methamphetamine and 0.18 grams of fentanyl in the same bedroom as the $14,709. Id. at ¶22. Williams admitted to officers in an interview that he had picked up the methamphetamine in California and returned to Milwaukee. Id. at ¶37. During the March 2024 search, law enforcement found the $5,000 in one room and two packages of approximately 3.5 and 6.7 grams of marijuana and 0.35 grams of fentanyl in a separate room in the same home. Id. at ¶31. Williams told law enforcement that he believed the $5,000 was missed during the first search; he said he thought he had approximately $20,000 in his residence at the time of the first search. Id. at ¶38.

4

The plaintiff has provided notice to the only known potential claimants by posting notice under Rule G(4)(a)(iv)(C) and mailing copies of the complaint to Williams and Smith. The well-pleaded allegations in the complaint demonstrate that the defendant properties are subject to forfeiture by the plaintiff. Because no claimant with a valid interest filed a valid claim within the statutory period, the court will grant default judgment.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 15.

The court **ORDERS** that the defendant properties—approximately $14,709 in United States currency and approximately $5,000 in United States currency—are **FORFEITED** to the United States of America.

The court **ORDERS** that no right, title, or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Marshal Service for the Eastern District of Wisconsin or its duly authorized agent must seize the defendant property and must dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of March, 2025.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**